# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. Nos. 0912010604 & 1002002758
)
CORNELL L. HESTER, )
)
Defendant. )

Date Submitted:  May 10, 2022
Date Decided:  June 6, 2022

## ORDER

**AND NOW TO WIT**, this ___6th___ day of ___June___, 2022, upon consideration of Defendant's Motion to Change a Sentence for Good Cause Shown upon Joint Application of the Defendant/Plaintiff and Prosecuting Attorney, pursuant to R:3:21-10 (b)(3)[1] (hereafter "Motion for Modification of Sentence"), Super. Ct. Crim. R. 35 ("Super Ct. Crim. R. 35"), statutory and decisional law, and the record in this case, **IT APPEARS THAT**:

1.     On June 3, 2010, the Defendant was found guilty of the following in ID No. 0912010604:  (1) Burglary Second Degree, IN10020130; (2) Unlawful Imprisonment Second Degree, IN10020131; (3) Harassment, IN10020132; (4) Malicious Interference with Emergency Communications, IN10020133; (5) Offensive Touching, IN10020134; (6) Criminal Mischief, IN10020135 ("First

---

[1] D.I. 206.

Criminal Mischief"); and (7) Criminal Mischief, IN10020135 ("Second Criminal Mischief").[2]

2.     On September 10, 2010, the Defendant was sentenced as a habitual offender pursuant to 11 *Del. C.* § 4214(a) on the charge of Burglary Second Degree to 12 years at Level V.  As to Unlawful Imprisonment Second Degree, 1year at Level V, suspended for 2 years at Level IV Work Release, suspended after 1 year at Level IV Work Release for 1 year at Level III, hold at Level V until space available at Level IV.  As to Harassment, 1 year at Level V, suspended for 24 months at Level III, Probation is consecutive to the Unlawful Imprisonment Second Degree sentence. As to Malicious Interference with Emergency Communications, 6 months at Level V, suspended for 1 year at Level III.  Probation is concurrent to probation on the Harassment charge.  As to the Offensive Touching, 30 days at Level V, suspended for 1 year at Level III.  Probation is concurrent to probation on the Malicious Interference with Emergency Communications charge.  As to the First Criminal Mischief, 30 days at Level V, suspended for 1 year at Level III.  Probation is concurrent to the probation on the Offensive Touching charge.  As to the Second Criminal Mischief, 30 days at Level V, suspended for 1 year at Level III.  Probation is concurrent to the probation on the First Criminal Mischief charge.[3]

---

[2] D.I. 15.
[3] D.I. 27.

2

3. On February 10, 2011, Defendant pled guilty to ID No. 1002002758 to Assault 2nd Degree and was sentenced as follows: 8 years Level V suspended after 5 years at Level V for 2 years Level IV DOC discretion, suspended after 1 year at Level IV for 1 year supervision Level III, hold a Level V until space is available at Level IV DOC discretion.[4]

4. Defendant has a long history of filing motions to correct, reduce or modify his sentence. His first Motion for Modification/Reduction of Sentence was filed on October 10, 2010 ("First Motion").[5] On October 23, 2010, the Court denied Defendant's First Motion stating that the sentence is appropriate for all the reasons stated at the time of sentencing.[6]

5. On April 23, 2012, Defendant filed a Motion for Correction of Sentence ("Second Motion").[7] Defendant's Second Motion was denied on May 18, 2012. The Court found that the Second Motion did not state a claim for reduction of sentence and stated that the Defendant could re-file in proper form, as a Rule 61 motion.[8]

6. On June 5, 2012, Defendant filed a Motion for Correction of Sentence ("Third Motion").[9] The Court denied Defendant's Third Motion on July 12, 2012, because the Third Motion did not state a claim for relief under Rule 35.[10]

---

[4] D.I. 41.
[5] D.I. 32.
[6] D.I. 43.
[7] D.I. 86.
[8] D.I. 88.
[9] D.I. 89.
[10] D.I. 92.

7.      On August 15, 2012, Defendant filed a Motion for Modification of Sentence ("Fourth Motion").[11] The Court denied Defendant's Fourth Motion on September 4, 2012,[12] for the following reasons:  the motion was filed more than 90 days after imposition of the sentence, and is, therefore, time barred.  The Court does not find the existence of any extraordinary circumstances.  The Court also held that pursuant to Super. Ct. Crim. R. 35(B), it would not consider repetitive requests for reduction or modification of sentence.  The sentence was appropriate for all the reasons stated at the time of sentencing.  No additional information was provided which would warrant a reduction or modification of the sentence.  The sentence was lawful and justified.

8.      On December 5, 2012, the Court sent an email regarding Defendant's Motion pursuant to Rule 35 ("Fifth Motion") stating that the motion would be put on hold due to Defendant's appeal to the Supreme Court.[13]

9.      On April 30, 2013, Defendant filed a Motion for Modification (Correction) of Sentence ("Sixth Motion").[14]  On May 3, 2013, Defendant filed a letter which the Court considered a motion for modification/correction of sentence ("Seventh Motion").[15]  The Court, on May 22, 2013, issued an order denying Defendant's Sixth

---

[11] D.I. 95.
[12] D.I. 98.
[13] D.I. 106.
[14] D.I. 109.
[15] D.I. 110.

and Seventh Motions stating that pursuant to Super. Ct. Crim. R. 35(B) the Court will not consider repetitive requests for reduction or modification of sentence.[16] Further, that Defendant's sentence is appropriate for all the reasons stated at the time of the sentencing.[17]

10.    On May 27, 2014, Defendant filed a letter requesting modification of his sentence ("Eighth Motion").[18]  The Court in its letter Order of August 12, 2014, considered Defendant's letter to be Defendant's Motion for Modification/Reduction of Sentence (Eighth Motion) and denied Defendant's Eighth Motion stating that the sentence was appropriate.[19]  Further, that Defendant's repetitive and non-meritorious filings contain impertinent and irrelevant accusations and that Defendant is wasting judicial resources with these filings.[20]

11.    On June 27, 2017, Defendant filed a letter asking the Court to suspend the remainder of his discretionary time ("Ninth Motion").[21]  On June 30, 2017, Defendant filed another letter asking the Court to modify his sentence ("Tenth Motion").[22]  On August 8, 2017, the Court issued a Letter Order denying Defendant's Ninth and Tenth Motions.[23]

---

[16] D.I. 111.
[17] *Id.*
[18] D.I. 118.
[19] D.I. 119.
[20] *Id.*
[21] D.I. 128.
[22] D.I. 127.
[23] D.I. 133.

12. On January 4, 2019, Defendant filed a Motion to Modify Sentence requesting that all sentences run concurrent ("Eleventh Motion").[24] On February 19, 2019, the Court issued a Letter Order denying Defendant's Eleventh Motion and also finding that as to Malicious Interference with Emergency Communications, probation is concurrent to probation on the Harassment charge. As to Offensive Touching, probation is concurrent to probation on the Malicious Interference with Emergency Communications charge. As to the First Criminal Mischief, probation is concurrent to the probation on the Offensive Touching charge. As to the Second Criminal Mischief, probation is concurrent to the probation on the First Criminal Mischief charge.[25]

13. On July 15, 2019, Defendant filed a Motion to Modify Sentence requesting that all consecutive sentences run concurrent ("Twelfth Motion").[26] On October 25, 2019, Defendant filed a Motion for Reduction of Sentence – collateral consequence rule to grant sentence modification under "extraordinary circumstances" ("Thirteenth Motion").[27] On February 14, 2020, the Court granted in part Defendant's Twelfth Motion, modifying the Level IV portion of Defendant's sentence as requested and denying in part, modification of the Level V and Level III

---

[24] D.I. 166.
[25] D.I. 167.
[26] D.I. 173.
[27] D.I. 180.

time.[28] On February 12, 2020, the Court granted in part Defendant's Thirteenth Motion, modifying the Level 4 portion of Defendant's sentence from Work Release to DOC Discretion and denying in part, modification of the Level 3 probation to be served in New Jersey.[29]

14.    On September 22, 2020, Defendant filed a Motion for Reconsideration of Sentence ("Fourteenth Motion")[30] seeking application of New Jersey's Public Health Emergency Credits to his sentence. On January 19, 2021, the Court denied Defendant's Fourteenth Motion holding that Delaware does not have similar legislation and that New Jersey's Public Health Emergency Credits do not apply to his sentence.[31]

15.    On January 31, 2022, Defendant filed a Motion for Modification of Sentence ("Fifteenth Motion") requesting early release due to the illness of the mother of his child.[32] The Court denied Defendant's Fifteenth Motion on April 14, 2022, finding that the sentence was appropriate, and that Defendant did not provide any additional information or good cause that would warrant a modification of his sentence.[33]

16.    On May 10, 2022, Defendant filed the instant motion seeking a modification of his sentence pursuant to certain New Jersey statutes.[34] Additionally, Defendant

---

[28] D.I. 186.
[29] D.I. 187.
[30] D.I. 196.
[31] D.I. 199.
[32] D.I. 200.
[33] D.I. 201.
[34] D.I. 202.

asserts that he has filed more than ten (10) motions for sentence-reduction and modification of sentence and asserting that the Court has never granted any type of relief.[35]

17. Super. Ct. Crim. R. 35 governs motions for modification of sentence. Under Rule 35, a motion for sentence modification must be filed within ninety (90) days of sentencing, absent a showing of "extraordinary circumstances."

18. Defendant asserts that the Court has not considered the multiple programs he completed in determining whether to modify his sentence.[36] Completing such programs does not constitute "extraordinary circumstances."[37] Further Defendant asserts that the Court has not considered the illness of the mother of his child.[38] Claims of familial hardship do not constitute "extraordinary circumstances" under Super. Ct. Crim. R. 35(B).[39]

19. Additionally, Defendant argues that it is cruel and unusual punishment to be subject to Delaware's sentencing laws while he is confined in another state.[40] Pursuant to the Interstate Corrections Compact, the Delaware Department of Correction may "decide that confinement in, or transfer of an inmate to, an institution

_____

[35] D.I. 206 at 2.
[36] D.I. 206 at 11.
[37] *See, State v. Culp,* 152 A.2d 141, 145-46 (Del. 2016).
[38] D.I. 206 at 11.
[39] *Jones v. State,* 2003 WL 356788 (Del. Feb. 14, 2003); *Boyer v. State,* 2003 WL 21810824 (Del. Aug. 4, 2003).
[40] D.I. 206 at 22-24.

[in another state] is necessary or desirable."[41] Further, that "[i]nmates confined in an institution pursuant to [this Interstate Corrections Compact are] subject to the jurisdiction of the sending state [Delaware]."[42] Since Delaware is a party to the Interstate Corrections Compact, Defendant's cruel and unusual punishment argument is without merit.

20. Putting aside Defendant's specific basis for relief in this particular motion, Defendant alleges that the Court has denied ten (10) motions for reduction or modification of sentence.[43] The Court has identified fifteen (15) previously filed motions for reduction or modification of sentence filed by Defendant. Putting aside Defendant's specific basis for relief in this Defendant's sixteenth (16) motion, Super. Ct. Crim. R. 35(B) strictly prohibits consideration of repetitive requests for sentence reductions and therefore, this Motion is barred as repetitive.[44]

21. In addition, Defendant's Sixteenth Motion was filed well beyond the ninety (90) days from the imposition of Defendant's sentences, and it is therefore time-barred under Rule 35(B).

_____

[41] 11 *Del. C.* § 6571, art IV (a).
[42] 11 *Del. C.* § 6571, art IV (c).
[43] D.I. 206 at 2.
[44] *State v. Culp,* 152 A.3d 141, 145 (Del. 2016).

9

22.     Defendant's sentences were appropriate for all the reasons stated at the time of the sentencing.  No additional information or good cause has been provided to the Court that would warrant a reduction of modification of Defendant's sentences.

**NOW, THERFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED**.

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

cc:     Original – Prothonotary
Cornell Hester (SBI#00591963)

10